**SIGNED THIS: May 09, 2006**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
JANICE J. TAYLOR,                               )  Bankruptcy Case No. 05-93559
                                                )
                     Debtor.                    )

OPINION

This matter having come before the Court on an Objection to Debtor's Claim of Exemption Amended Schedule C filed by the Chapter 7 Trustee; the Court, having heard arguments of counsel and having reviewed written memoranda of the parties; makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The parties to this matter have agreed that there are no disputes as to the material facts, and those facts are, in pertinent part, as follows:

1.     The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on September 23, 2005.

2.     In Schedule B of the Debtor's Bankruptcy Petition and in two subsequent amendments thereto, the Debtor scheduled her interest in the following assets:

(a)     Susan E. Thompson IRA Funds. The Debtor scheduled a 50% share in IRA funds as a co-beneficiary upon the death of her aunt, Susan Elaine Thompson. The total value of Debtor's interest as of September 30, 2005, was $196,596.11.

(b)     Payable upon Death Funds. The Debtor scheduled a 50% interest in an account having a total value of $87,178.69, as of October 31, 2005, as one of the individuals that would be paid the proceeds of this account upon the death of the Debtor's aunt, Susan Elaine Thompson. Debtor's interest in this account totaled $43,632.85, as of October 31, 2005.

(c)     Inter Vivos Trust, which named the Debtor as a 50% beneficiary with Debtor's interest in the trust to be distributed to the Debtor one year after the date of the death of her aunt, Susan Elaine Thompson.

(d)     Life Insurance Benefits, in the amount of $558.74, payable to the Debtor on the death of Susan Elaine Thompson.

(e)     Debtor's 50% Share in Distribution Under the Will of her Aunt, Susan E. Thompson, with an approximate value of $38,778.08. This value is to be distributed through the Inter Vivos Trust noted above.

At the time of Debtor's Chapter 7 bankruptcy filing, her aunt, Susan Elaine Thompson, was still alive; however, Susan Elaine Thompson died as a resident of Douglas County, Illinois, on November 12, 2005. Thus, the contingent interests which the Debtor held at the time of her Chapter 7 bankruptcy filing became vested.

## Conclusions of Law

While the Debtor concedes that the life insurance benefits, in the amount of $558.74, are property of the bankruptcy estate, the Debtor maintains that all of the other assets listed above are not property of her bankruptcy estate, and would be exempt, even if they were deemed to be property of her Chapter 7 bankruptcy estate. In opposition to the Debtor's position, the Chapter

7 Trustee maintains that all of the above-listed assets are property of the Debtor's bankruptcy estate and are not exempt, pursuant to the provisions of 735 ILCS 5/12-1001, et seq.

Given that the Debtor does not dispute that the life insurance proceeds are property of her bankruptcy estate and are not exemptible, the Court finds that those proceeds should be turned over to the Trustee at the earliest possible moment, and no further discussion of those proceeds is necessary.  In the interest of clarity, the Court will address each of the other assets contested by the parties individually, beginning with the IRA funds, of which Debtor is a 50% beneficiary.

As for the IRA funds, the Court finds that the Debtor's interest in those funds is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541(a)(1).  The scope of § 541(a)(1) is broad and has been held to include all legal and equitable interests of a Debtor in property as of the commencement of a Chapter 7 case, regardless of whether the Debtor is able to transfer that interest or Debtor's creditors are able to reach it.  In re Edmonds, 263 B.R. 828 (Bankr. E.D. Mich. 2001); In re Knight, 164 B.R. 372 (Bankr. S.D. Fla. 1994), and In re Yonikus, 996 F.2d 866 (7th Cir. 1993).  Also in this regard, the Court finds that the provisions of 11 U.S.C. § 541(a)(1) apply, rather than the provisions of § 541(a)(5), as asserted by the Debtor.  In addition to finding that the Debtor's interest in the subject IRA funds is property of her bankruptcy estate, the Court also concludes that the Debtor's interest in said funds is not exempt.  Pursuant to 735 ILCS 5/12-1006, the Internal Revenue Service treatment of an IRA is the determining factor as to whether or not the funds in said IRA shall be exempt.  An inherited IRA is not exempt from being taxed as gross income pursuant to 26 U.S.C. § 408(d)(3)(C).  For exemption purposes, inherited IRAs are not treated the same as IRAs having funds which the Debtor contributed to.  Once an IRA has been inherited, the beneficiary may make no contributions to the account, nor may he or she roll over the inherited individual retirement account into another retirement plan.  For all of these reasons, the Court finds that the IRA funds in question are not exempt under 735 ILCS 5/12-1006. See:  In re Navarre, 332 B.R. 24 (M.D. Ala. 2004); and In re Sims, 241 B.R. 467 (Bankr. N.D. Okla. 1999).

3

Next, the Court turns to the Payable on Death Funds which the Debtor argues are not property of her bankruptcy estate in that the provisions of 11 U.S.C. § 541(a)(5) do not apply, so as to include these funds. While the Court agrees with Debtor's position that § 541(a)(5) does not apply, the Court finds that the Payable on Death Funds are property of the Debtor's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 541(a)(1). As stated above, under the authority of the cases of Edmonds, Knight, and Yonikus, while the Debtor's interest in the Payable on Death Funds was a contingent interest at the time of her filing for bankruptcy, it was none the less an interest that is included as an asset of the Debtor's Chapter 7 estate pursuant to the sweeping language of § 541(a)(1). Given the finding that the Payable on Death Funds are property of Debtor's Chapter 7 estate, the Court must also consider whether said funds are exempt. In so doing, the Court can find no exemption under Illinois exemption law which would exempt these funds.

As for the Inter Vivos Trust established by Susan Elaine Thompson on May 14, 2003, the Debtor is named as a 50% beneficial holder with a right to distribution from the trust estate one year after the death of her aunt, Susan Elaine Thompson. Here again, the Court finds that the Debtor's interest in the Inter Vivos Trust is property of her bankruptcy estate, and, the fact that she is not eligible to receive any distribution from that trust until one year after the death of her aunt does not defeat the bankruptcy estate's interest in the trust. See: In re Smith, 189 B.R. 8 (D.C. N.D. Ill. 1995); In re Knight, supra, at 374. In addition to concluding that the Debtor's interest in the Inter Vivos Trust is property of the bankruptcy estate, the Court also concludes that the Debtor's interest is not subject to any exemption cognizable under Illinois law.

Finally, the Court addresses the Debtor's interest in property that will pass by will of Susan E. Thompson, and finds that, pursuant to 11 U.S.C. § 541(a)(5), said property is property of the Debtor's bankruptcy estate. The Court makes this finding even though said property will pass through the will into the Inter Vivos Trust noted above, and will not be distributable to the Debtor until one year after the death of her aunt, Susan Elaine Thompson. This conclusion is supported

4

by the provisions of 11 U.S.C. § 541(a)(5) and by the case law cited above.  In particular, the Court finds ample support for its conclusion in the <u>Knight</u> case from the Southern District of Florida and in the <u>Smith</u> case from the Northern District of Illinois.  The Court also concludes that the Debtor's interest in any property passing through her aunt's will into the trust estate and eventually to the Debtor is not exempt under Illinois law.

In conclusion, the Court finds that all of the assets which the Debtor has scheduled in her Second Amendment to Schedule B are assets of her bankruptcy estate, and, as such, they would be administered by the Trustee.  In addition, the Court finds that the Trustee's Objection to Debtor's Claim of Exemption Amended Schedule C should be allowed, and that the Court is unable to conclude that any exemptions afforded to the Debtor under Illinois law are applicable to the subject assets.

###